THOMAS W. PIERCIFIELD AND WIFE ET AL. vs. AARON SNYDER ET AL.

1. When a cause is submitted to the court without a jury the safer course is for the court to declare (as a court) in the first place, what the law of the case is deemed to be, and secondly, (as a jury) to find the issue of fact accordingly.

2. Exception must be taken to the opinion of the court, at the time it is delivered, to secure its review in the supreme court.

## APPEAL from Cape Girardeau Circuit Court,

POLK, for appellees.

1. The bill of exceptions does not show that appellants ever excepted to the decision of the court on any question of law arising upon the trial of the case,

2. The bill of exceptions shows that the evidence in the case was produced to the court sitting as a jury, and in that capacity it devolved upon the court to pass upon the effect to which the evidence was entitled. It also appears that "the defendant prayed the opinion of the court" (sitting in this capacity) "if there was sufficient testimony to prove a delivery, &c." Thus the effect and weight of testimony was left to the court. And the court pronounced upon its weight and effect. In such case this court will not reverse the judgment of the court below, merely because it may be of opinion that the circuit judge did not give sufficient weight to the testimony offered as to the delivery of the slaves. It is the province of a jury, and equally so, of a court sitting as a jury to pass upon the weight and effect of evidence. In short there was no question of law passed upon by the court at the trial.

3. As there was in this case no deed of the slaves in question, proved or acknowledged and recorded, the plaintiffs, in order to recover were compelled to show a transfer of the possession from the doner to the donees—that the donees after the gift, took and held the possession of the slaves. Whether the donees so had possession was a question submitted at the trial to the court as a jury upon the facts in proof. And the finding of the court upon it is conclusive. And it was unexcepted to.

Code of 1825, p. 745, sec. 31–32—6 Mo. Rep., 326, Yarnell vs. Yarnell.

4. The court below committed no error in refusing to set aside the non-suit. The non-

suit ought not to have been set aside if no error was committed by the court on any question of law. And I have attempted to show above that the circuit court committed no error in matter of law.

BIRCH, J., delivered the opinion of the court.

This action was trover, for certain slaves, and was submitted to the court without a jury. The testimony was conflicting, as well respecting the delivery of the negroes to the plaintiffs' wives by their father, and other facts in the case, as in reference to the credibility of the material witness for the plaintiffs. A portion of it had relation to an unrecorded deed of the gift, alleged to have been made by the father to his said daughters, but taken back and destroyed by him before they were either married or of age. The bill of exceptions then shows that after the conclusion of the testimony, "the defendant prayed the opinion of the court, if there was sufficient testimony to prove a delivery, so as to dispense with the proof or acknowledgment and recording of the deed," and if "by reason of said deed the plaintiffs acquired any title to the slaves;" and that the court having "thereupon decided that there was not sufficient testimony to prove a delivery of said slaves to plaintiffs' wives, and that they acquired no title to them under the deed, because it had not been proven, acknowledged and recorded within eight months after the date thereof, the plaintiffs suffered a non-suit, and by leave of the court moved to set it aside." Assigning therefor the usual reasons.

No exception having been taken to the opinion of the court at the time it was delivered, it is unnecessary to remark further upon the confusion which not unfrequently ensues from the virtual finding of a verdict (by the court) upon the law and the facts of the case combined, than to add that the more perspicuous, and hence the safe course is, for the court to declare, (as a court,) in the first place, what the law of the case is deemed to be, and secondly, (as a jury,) to find the issues of facts accordingly.

This court can thereby, at once perceive whether the error complained of should be reviewed in reference to the exposition of the law or the finding of the facts, and pass upon it the more strictly or confidingly, accordingly. Previous decisions being full enough as well to illustrate the distinction alluded to, as to render apparent the advantage and necessity of having them properly presented upon the record, there need be added in this cause nothing beyond the affirmance of the judg-

ment below, on the ground, alone, that no such exception appears to have been taken to the opinion of that tribunal as to entitle it to be reviewed here.